UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION



SHEILA HERRON, *on behalf of*
*herself and others similarly situated*,

CASE NO. 6:14-cv-727-Orl-36TBS

Plaintiff,

v.

AIG DIRECT INSURANCE SERVICES, INC.,
and JOHN DOE.

Defendant.
_____/

## CLASS ACTION COMPLAINT

### Nature of Action

1. This is a class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) as the acts and transactions giving rise to Sheila Herron's ("Plaintiff") action originated in this district, and as AIG Direct Insurance Services, Inc. ("Defendant") transacts business in this district.

### Parties

4. Plaintiff is a natural person who at all relevant times resided in Orlando, FL.

5. Defendant is part of AIG, one of the largest insurance organizations in the world.[1]

---

[1] https://www.aigdirect.com/about-us

1

6. Defendant offers personalized life insurance quotes from highly-rated life insurance companies.[2]

7. Defendant also offers a variety of other insurance products, including accidental death insurance.[3]

8. As well, Defendant is an appointed agent for a handful of large insurance providers, including ING, Prudential Financial, and Transamerica.[4]

9. Defendant additionally partners with other firms to provide quotes for products such as automobile, health, and travel insurance.[5]

10. Defendant is a subsidiary of America General Life Insurance Company, Houston, TX.

11. Defendant is an affiliate of The United States Life Insurance Company, New York, NY.

12. Defendant operates under the name Matrix Direct, Inc. in Maryland.

### Factual Allegations

13. In March of 2014, Defendant began placing calls to (407) ███████—the number assigned to Plaintiff's cellular telephone service (the "Cellular Telephone Number").

14. In particular, from March 11, 2014 through March 17, 2014, Defendant placed approximately two to three calls per day to the Cellular Telephone Number.

15. At least in part, Defendant placed the calls to the Cellular Telephone Number to collect a debt from Carla Sanchez—an individual that Plaintiff does not know.

---

[2] https://www.aigdirect.com/about-us/why-aig-direct#fv
[3] https://www.aigdirect.com/products
[4] http://biz.yahoo.com/ic/123/123347.html
[5] http://biz.yahoo.com/ic/123/123347.html

16. On or about March 11, 2014, Plaintiff informed Defendant that she was not Carla Sanchez.

17. Defendant, nonetheless, continued to place calls to the Cellular Telephone Number.

18. At times, Defendant left dead-air messages in Plaintiff's voice-mail-box.

19. Plaintiff's outgoing voice-mail-box-message clearly states that the Cellular Telephone Number belongs to "Sheila Herron."

20. Upon information and good faith belief, Defendant placed the calls to the Cellular Telephone Number by using an automatic telephone dialing system.

21. Upon information and good faith belief, Defendant placed the calls to the Cellular Telephone Number for non-emergency purposes.

22. Upon information and good faith belief, Defendant placed the calls to the Cellular Telephone Number voluntarily.

23. Upon information and good faith belief, Defendant placed the calls to the Cellular Telephone Number under its own free will.

24. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place the calls to the Cellular Telephone Number.

25. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place the calls to the Cellular Telephone Number.

26. Upon information and good faith belief, Defendant placed the calls to the Cellular Telephone Number on behalf of John Doe.

27. Defendant did not have Plaintiff's prior express consent to place the calls to the Cellular Telephone Number by using an automated telephone dialing system.

28. Upon information and good faith belief, Defendant maintains business records that show all calls it placed to the Cellular Telephone Number.

29. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system and/or an artificial or pre-recorded voice to place calls to telephone numbers assigned to cellular telephone service providers.

**Class Action Allegations**

30. Plaintiff brings this action under Federal Rule of Civil Procedure 23(a), (b), and (c), and as a representative of the following class:

> All persons and entities (1) to whom Defendant made or caused to be made calls, (2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system and/or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint.

31. The proposed class specifically excludes the United States of America, the State of Florida, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit, the Justices of the United States Supreme Court, any entity in which Defendant has or had a controlling interest, and all officers and agents of Defendant.

32. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

33. The exact numbers of the members of the class are unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery.

34. The members of the class are ascertainable in that, upon information and belief, their names and addresses can be identified in business records maintained by Defendant.

35. There exists a well-defined community of interest in the questions of law and fact that affect the members of the class.

36. Plaintiff's claims are typical of the claims of the members of the class.

37. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice and procedure on the part of Defendant.

38. Plaintiff's claims are based on the same theory as the claims of the members of the class.

39. Plaintiff suffered the same injuries as the members of the class.

40. Plaintiff will fairly and adequately protect the interests of the members of the class.

41. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

42. Plaintiff will vigorously pursue the claims of the members of the class.

43. Plaintiff has retained counsel experienced and competent in class action litigation.

44. Plaintiff's counsel will vigorously pursue this matter.

45. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

46. The questions of law and fact common to all the members of the class predominate over questions that may affect individual class members.

47. Issues of law and fact common to all members of the class are:

   a. Defendant's violations of the TCPA;

   b. The existence of Defendant's identical conduct;

   c. The availability of statutory penalties; and

   d. The availability of attorneys' fees and costs.

48. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

49. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

50. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

51. The pursuit of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

52. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the classes.

53. The damages suffered by each of the members of the class may be relatively small; thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

54. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

55. There will be no difficulty in the management of this action as a class action.

56. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(b)(1)(a)(iii)

57. In March of 2014, Defendant began placing calls the Cellular Telephone Number.

58. In particular, from March 11, 2014 through March 17, 2014, Defendant placed approximately two to three calls per day to the Cellular Telephone Number.

59. At least in part, Defendant placed the calls to collect a debt from Carla Sanchez—an individual that Plaintiff does not know.

60. On or about March 11, 2014, Plaintiff informed Defendant that she was not Carla Sanchez.

61. Defendant, nonetheless, continued to place calls to the Cellular Telephone Number.

62. At times, Defendant left dead-air messages in Plaintiff's voice-mail-box.

63. Plaintiff's outgoing voice-mail-box-message clearly states that the Cellular Telephone Number belongs to "Sheila Herron."

64. Upon information and good faith belief, Defendant placed the calls by using an automatic telephone dialing system.

65. Defendant did not have Plaintiff's prior express consent to place the calls by using an automated telephone dialing.

66. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to the Cellular Telephone Number, without Plaintiff's consent.

67. Because Defendant placed the calls to the Cellular Telephone Number on behalf of John Doe, John Doe is also liable for Defendant's violations of the TCPA

**Trial by Jury**

68. Plaintiff is entitled to, and hereby demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging that Defendant and John Doe violated 47 U.S.C. § 227(b)(1)(a)(iii);

e) Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

f) Awarding Plaintiff and the class reasonable attorneys' fees and costs pursuant to Rule 23 of the Federal Rules of Civil Procedure;

g) Awarding Plaintiff and the members of the classed any pre-judgment and post-judgment interest as may be allowed under the law; and

h) Awarding such other and further relief as the Court may deem just and proper.

Date: April 25, 2014

Respectfully Submitted,

Aaron D. Radbil
Greenwald Davidson PLLC
5550 Glades Rd, Ste. 500
Boca Raton, FL 33431
Phone: (561) 826-5477
Fax: (561) 961-5684
aradbil@mgjdlaw.com
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing will be served on Defendant with the appropriate summons.

Aaron D. Radbil